IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ISRAEL RAY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00737 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| C/O BARR, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

This matter is before the court on Plaintiff Israel Ray Cooper's motion seeking preliminary injunctive relief (ECF No. 28) in this civil action filed under 42 U.S.C. § 1983. Having reviewed the motion, the court concludes that there is no basis for granting the requested relief and will, therefore, deny the motion.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) she is likely to succeed on the merits at trial; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm she faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent,

irreparable harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

Further, an interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Cooper filed this action when she[1] was at River North Correctional Center ("River North") and named staff of River North as defendants. (*See* ECF No. 1.) After filing the action, Cooper was transferred to Red Onion State Prison ("Red Onion") and is currently still housed there. (*See* ECF Nos. 18 & 21.) In her motion seeking preliminary injunctive relief, Cooper alleges that staff at Red Onion have not provided her with due process, have harassed her, have taken her property, and have interfered with her legal mail. As relief, she asks the court to order her "immediate transfer" and return of her legal work and property. However, because Cooper is no longer incarcerated at River North, where all of the defendants are located, the defendants *in this action* would be unable to provide Cooper the relief she seeks. Further, Cooper has no right to be confined at a prison of her choice. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976). It is well settled that an

---

[1] Cooper identifies as female.

inmate is not entitled to injunctive relief that seeks a transfer to another correctional facility. *Vandross v. Perry Corr. Inst.*, No. 8:21cv29-DCC-JDA, 2021 U.S. Dist. LEXIS 75148, at *7 (D.S.C. Jan. 8, 2021).

For these reasons, it is **ORDERED** that Cooper's motion (ECF No. 28) is **DENIED**.

The Clerk shall send a copy of this order to the parties.

**ENTERED** this 6th day of June, 2023.

>*/s/ Thomas T. Cullen*
>HON. THOMAS T. CULLEN
>UNITED STATES DISTRICT JUDGE