CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ISRAEL RAY COOPER, | ) |
| Plaintiff, | ) Case No. 7:22-cv-00737 |
| v. | ) **AMENDED MEMORANDUM OPINION** |
| C/O BARR, *et al.*, | ) By: Hon. Thomas T. Cullen |
| Defendants. | ) United States District Judge |

Plaintiff Israel Ray Cooper, proceeding *pro se*, filed this civil-rights action under 28 U.S.C. § 1983 against various employees at River North Correctional Center ("River North") in Independence, Virginia. (*See generally* Am. Compl. [ECF No. 33].) Defendants C/O Barr, Sgt. Evans, Lt. Landry, A.W. Bateman, Warden Anderson, Officer Felts, Heather Boyd, E. Earhart, Officer Profitt, Officer Bemis, Lt. Hickman, IHO King, and J. Spangler (collectively, the "Joint Defendants") jointly filed a motion to revoke Plaintiff's *in forma pauperis* status and dismiss the claims against them. (Joint Defs.' Mot. to Revoke IFP Status & Dismiss [ECF No. 44].) About a month later, Defendant Michael McBride filed a similar motion to dismiss, adopting and incorporating by reference the arguments raised in the Joint Defendants' motion to dismiss and supporting memorandum. (*See* McBride's Mot. to Dismiss [ECF No. 50].) Both of these motions are ripe for review, and, for the reasons set forth below, the court will **GRANT IN PART** both motions to the extent they seek revocation of Plaintiff's ability to proceed with this case without prepayment of the full filing fee.

## I.

In her complaint, Plaintiff raises several claims against Defendants for failure to protect her from the attacks of other inmates and for violations of her Fourteenth Amendment rights to due process of law. (*See* Am. Compl. ¶¶ 15–22.) First, she claims that Defendants Barr, Evans, Proffit, and other unknown officers at River North violated her Eighth Amendment rights by failing to protect her from sexual assault by another inmate on November 26, 2022. (*Id.* ¶ 17; *see also id.* at 17.) Second, she claims Defendants Bateman, McBride, Landry, and Anderson failed to protect her by refusing to place her in protective custody despite known risks to her safety. (*Id.* ¶ 18.) Third, she claims Defendants Boyd, Hickman, Bateman, McBride, Earhart, Spangler, and Felts violated her due process rights by confiscating her personal property, including her tablet, family photos, and hand-drawn comics. (*Id.* at 10–14.) Fourth, Plaintiff claims Defendant Felts also violated her due process rights by confiscating other personal property upon her arrival at River North, including "6 legal books, her Bible, headphones, photo albums and more" and tearing pages out of her books and photo albums. (*Id.* at 14–15.) Fifth, Plaintiff claims she was unlawfully retaliated against by Defendants Bemis and Boyd for filing complaints about her confiscated property. (*Id.* at 16.) And sixth, she claims Defendants Hickman and King unlawfully retaliated against her for filing this action. (*Id.* at 19–20.)

Upon filing this action in December 2022, Plaintiff sought leave to proceed *in forma pauperis*. (*See* Mot. for Leave to Proceed IFP [ECF No. 2].) The day Plaintiff filed her complaint and motion for leave to proceed *in forma pauperis*, the court conditionally filed this action and directed Plaintiff to submit information concerning her prisoner trust account to allow the

court to rule on her motion. (*See* Order, Dec. 29, 2022 [ECF No. 4].) In its order, the court advised plaintiff that the conditional filing order "may be rescinded if the court determines that plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g)." (*Id.* at 2.)

After receiving a complete copy of Plaintiff's prisoner trust account report, the court ordered that this action would remain conditionally filed and again advised plaintiff that "a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and . . . administrative fee if the prisoner has brought[,] on three or more occasions, an action or appeal in federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury." (Order, Feb. 27, 2023 [ECF No. 27] (citing 28 U.S.C. § 1915(g)).) The court further advised Plaintiff that, if she "has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without paying the full" filing fee. (*Id.* at 2.)

At no point in the litigation did Plaintiff advise the court of previous cases which had been dismissed as frivolous, malicious, or for failure to state a claim. But Defendants now offer federal court records[1] showing that five cases Plaintiff previously filed while incarcerated have been dismissed for failure to state a claim for which relief may be granted:

---

[1] The court takes judicial notice of these publicly available court records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records"); *Smith v. Stirling*, No. CV 9:20-2359-TMC-MHC, 2020 WL 8713675, at *2 (D.S.C. Sept. 10, 2020), *report and recommendation adopted*, No. 9:20-CV-2359-TMC, 2021 WL 460514 (D.S.C. Feb. 9, 2021) (taking judicial notice of prior civil cases filed by plaintiff for purposes of conducting a § 1915(g) analysis).

(i) *Cooper v. Ray, et al.*, Case No. 7:07-cv-160 (W.D. Va Oct. 31, 2007) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim) (Ex. A to Joint Defs.' Memo. in Supp. of Mot. to Revoke IFP Status & Dismiss [ECF No. 45-1]);

(ii) *Cooper v. Simpkins, et al.*, Case No. 7:07-cv-167 (W.D. Va. June 18, 2007) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim) (Ex. B to Joint Defs.' Memo. in Supp. of Mot. to Revoke IFP Status & Dismiss [ECF No. 45-2]);

(iii) *Cooper v. Duncan, et al.*, Case No. 7:16-cv-578 (W.D. Va. May 23, 2017) (dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim) (Ex. C to Joint Defs.' Memo. in Supp. of Mot. to Revoke IFP Status & Dismiss [ECF No. 45-3]);

(iv) *Cooper v. Gilbert, et al.*, Case No. 7:17-cv-509 (W.D. Va. Apr. 17, 2018) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim) (Ex. D to Joint Defs.' Memo. in Supp. of Mot. to Revoke IFP Status & Dismiss [ECF No. 45-4]); and

(v) *Cooper v. Hagelberg, et al.*, Case No. 4:20-cv-40035 (D. Mass. Mar. 31, 2022) (Ex. E to Joint Defs.' Memo. in Supp. of Mot. to Revoke IFP Status & Dismiss [ECF No. 45-5]).

Plaintiff does not dispute that she filed each of these actions while incarcerated or that they were dismissed for failure to state a claim. (*See generally* Pl.'s Resp. to Defs.' Mots. to Dismiss [ECF No. 59].)

On February 8, 2023, Plaintiff notified the court that she had been transferred from River North to Red Onion State Prison ("Red Onion").[2] (*See* Pl.'s Letter to J. Ballou, Feb. 8, 2023 [ECF No. 19].) Plaintiff nevertheless claims she still faces imminent danger of harm because she "ha[s] been forced into general population" despite having tattoos depicting naked children that put her at an increased risk for assault or sexual assault. (Pl.'s Resp. to Defs.' Mots. to Dismiss at 1.) However, Plaintiff admits that she "feel[s] relatively safe currently"

---

[2] Plaintiff's response to Defendants' motions to dismiss indicate that she has since been transferred from Red Onion to Keen Mountain Correctional Center. (*See* Pl.'s Resp. to Defs.' Mots. to Dismiss at 6–7 (referencing transfer and listing "KMCC" and "Keen Mtn. Corr. Ctr." in his return address).)

- 4 -

because, "after this last assault[,] the warden acted to protect me." (*Id.* at 4.) Plaintiff also states that she has since "covered the tattoos for [her] safety." (*Id.*)

## II.

Under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action without prepayment of fees upon meeting the *in forma pauperis* requirements "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brough an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g).

The sole exception to this rule exists where the prisoner demonstrates that he or she "is under imminent danger of serious physical injury." *Id.* This exception "allows a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Id.* at 96 (quoting *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012)).

In ruling on a motion to dismiss under § 1915(g), "district courts have broad discretion to consider all the factual allegations, whether past or present, which support finding that the petitioner is in 'imminent danger' at the time of their filing." *Hall v. United States*, 44 F.4th 218, 225 (4th Cir. 2022) (citations omitted). But where a prisoner has three strikes and does not show imminent danger, he or she must pay the full filing fee before proceeding with his or her claims. *See Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006) ("[T]he PLRA's three-strikes

- 5 -

provision, requires prepayment in full of all filing fees if on at least three prior occasions the prisoner has had an action dismissed 'on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'").

### III.

Plaintiff does not dispute that she has had at least three qualifying dismissals under § 1915(g). (*See generally* Pl.'s Resp. to Defs.' Mots. to Dismiss.) Instead, she claims she is in imminent danger of serious physical injury and should therefore be allowed to proceed with her claims in this case without prepayment of the full filing fee. (*See id.* at 1–6.) But Plaintiff has not shown that she is in imminent danger of serious physical harm because her allegations concern past danger or danger not related to her claims against Defendants in this case. She therefore cannot proceed with this action without paying the full filing fee.

"[S]omeone whose danger has passed cannot reasonably be described as someone who 'is' in 'imminent' danger." *Hall*, 44 F.4th at 224. Although "past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing . . ., past allegations of danger or threats of harm *on their own* are insufficient to satisfy the exception." *Id.* (citing *Chase*, 466 F. App'x at 186) (emphasis in original). If, for example, "there is a pattern of past conduct that places an incarcerated person in imminent danger of harm, and which is ongoing, then the litigant meets the exception." *Id.* But absent a specific factual allegations showing that the threat persists in the present, a prisoner cannot rely on the exception to the three-strikes rule. *See Smith*, 2020 WL 8713675, at *3 (D.S.C. Sept. 10, 2020) (citing *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006)). Additionally, the imminent-

danger exception "requires a relationship between the imminent danger alleged in the IFP application and the facts alleged and relief sought in the underlying claim." *Meyers*, 801 F. App'x at 95.

Here, Plaintiff cannot show that she faces any imminent danger related to the allegations in her complaint against Defendants because Plaintiff is no longer incarcerated at River North. (*See* Pl.'s Letter to J. Ballou, Feb. 8, 2023, at 1 (describing transfer to Red Onion); Pl.'s Resp. to Defs.' Mots. to Dismiss at 6–7 (suggesting a subsequent transfer to Keen Mountain Correctional Center).) Moreover, Plaintiff has admitted that she "feel[s] relatively safe currently." (Pl.'s Resp. to Defs.' Mots. to Dismiss at 4.) Under the circumstances, the court cannot conclude that she faces imminent danger of serious physical harm. At best, her concerns are speculative and unrelated to her claims against Defendants. Accordingly, Plaintiff is not eligible for the exception to § 1915(g)'s three-strikes provision and cannot proceed with this action without prepaying the full filing fee.

## IV.

For the above reasons, the court will **GRANT IN PART** Defendants' motions to revoke Plaintiff's *in forma pauperis* status and dismiss Plaintiff's claims (ECF Nos. 44, 50) to the extent Defendants move for revocation of Plaintiff's ability to proceed with this case without prepayment of the full filing fee. Plaintiff's *in forma pauperis* status will be **REVOKED** and she will be **ORDERED** to pay the full filing fee within 30 days in order to proceed with her claims.

Additionally, the court will **DISMISS** Plaintiff's claims against "unknown officers" and "unknown officials." (*See* Am. Compl. ¶¶ 11, 17; *see also id.* at 9.) The court previously ordered

Plaintiff to file "sufficient additional information to identify those defendants by providing their first names or initials or by providing each date, time, and specific location within the prison where each defendant allegedly violated plaintiff's constitutional rights." (*See* Order to Respond, Sept. 28, 2023 [ECF No. 42] (directing Plaintiff to file such information "within thirty days of the entry of [that] order").) The court cautioned Plaintiff that "[f]ailure to provide the information in the allotted time shall result in dismissal of plaintiff's complaint against those defendants without prejudice." (*Id.*) Well over a year later, Plaintiff has not provided any additional information concerning the identities of the unnamed Defendants as ordered. Consequently, the claims against them are subject to dismissal for failure to comply with the court's order. *See* Fed. R. Civ. P. 41(b).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Plaintiff.

**ENTERED** this 31st day of March, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE