CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 09, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ISRAEL RAY COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22-cv-00737 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C/O BARR, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Israel Ray Cooper, proceeding *pro se*, filed this civil-rights action under 28 U.S.C. § 1983 against various employees at River North Correctional Center ("River North") in Independence, Virginia. (*See generally* Am. Compl. [ECF No. 33].)

By Order entered December 29, 2022, the Court advised Plaintiff that he must notify the Court in writing immediately upon his transfer or release and provide the Court with his new address. (Order, Dec. 29, 2022 [ECF No. 4].) The Court further advised Plaintiff that his failure to provide an updated address would result in dismissal of this action. (*Id.*)

On April 28, 2025, an order mailed to Plaintiff was returned to the court as undeliverable, indicating that Plaintiff is no longer incarcerated at Red Onion State Prison and providing no forwarding address. (*See* Returned Mail [ECF No. 63].) To date, Plaintiff has not provided the Court with an updated address or otherwise filed any documents in support of his case in more than 11 months. Accordingly, the Court will dismiss this action without prejudice for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b); *Lim v. Hess.*, No. 7:21-CV-250, 2021 WL 4434364, at *2 (W.D. Va. Aug. 12, 2021), *report and recommendation adopted*, No. 7:21-CV-250, 2021 WL 4430770 (W.D. Va. Sept. 27, 2021) (dismissing case for

failure to prosecute where "Plaintiff failed to notify the Court of his current address and failed to take any action related to the claim"). The Court notes that this dismissal is without prejudice to Plaintiff's opportunity to refile his claims in a separate civil action, subject to the applicable statute of limitations.

Additionally, under 28 U.S.C. § 1915(g), a prisoner who has already had three cases dismissed as frivolous or malicious or for failure to state a claim cannot file a civil action without prepaying the filing fee "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The imminent-danger exception "is triggered only if the incarcerated person alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022) ("The plain reading of the statute requires that the 'imminent danger' exist contemporaneously when the action is filed."). Upon finding that Plaintiff had not shown imminent harm under § 1915(g), the court revoked Plaintiff's *in forma pauperis* status and ordered to pay the full filing fee. (*See* Order, Mar. 31, 2025 [ECF No. 62]) The court cautioned Plaintiff that failure to pay the fee in full or otherwise respond to the court's order within 30 days would result in the immediate dismissal of this action without prejudice. (*Id.*) Plaintiff's failure to pay the full filing fee further supports the dismissal of this action.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff at his last known address

**ENTERED** this 9th day of May, 2025.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE